ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ASSOCIATED MATERIALS, INC., ) | |
| ) | CASE NO. 5:05CV1869 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| REMODEL AMERICA CORP., *et al.*, ) | MEMORANDUM OPINION & ORDER |
| ) | [Resolving Doc.7] |
| Defendants. ) | |
| ) | |

This matter comes before the Court on motion by Defendants Remodel America Corporation (d/b/a Allside) and Daniel Becktold to dismiss Plaintiff Associated Materials, Inc.'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Alternatively, Defendants seek to have this matter transferred to the United States District Court for the Northern District of Georgia, pursuant to 28 U.S.C. §§1404(a), 1406(a). Plaintiff opposes both dismissal of the action and a transfer, claiming that jurisdiction and venue are proper in this Court. Having reviewed both parties' positions and the relevant law, the Court GRANTS Defendants' motion in part and DENIES it in part.

For the reasons stated in Plaintiff's Opposition to Defendants' Motion to Dismiss, the Court finds that it does have jurisdiction over the Defendants. However, it finds that a transfer is appropriate. Although venue may be proper in this Court, 28 U.S.C. § 1404(a) permits a change of venue for the convenience of parties and witnesses as well as the interest of justice. In weighing the relevant factors set forth in *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1337 (6th Cir. 1991) and *Rustal Trading US, Inc. v. Makki*, 17 Fed.Appx. 331, 336 (6th Cir. Aug.

21, 2001), the Court holds that Defendants have met their burden of proving that a transfer is appropriate. Accordingly, this case will be transferred to the United States District Court for the Northern District of Georgia.

    IT IS SO ORDERED.

| | |
|---|---|
|   February 13, 2006 | *s/John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |